USCA1 Opinion

 

 September 27, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1058 RICHARD F. WILLIAMS, Plaintiff, Appellant, v. BELL LABORATORIES, A/K/A AT & T TECHNOLOGIES, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ____________________ Richard F. Williams on brief pro se. ___________________ David J. Kerman, David T. Lyons and Ropes & Gray on brief for _______________ ______________ _____________ appellee. ____________________ ____________________ Per Curiam. Plaintiff brought a pro se civil ___________ ___ __ action alleging wrongful termination of employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621-634 (1988). After some discovery, defendant moved for summary judgment, arguing that (1) plaintiff had not been the defendant's "employee" within the meaning of the law, but rendered services through an independent contractor, and (2) defendant's decision to terminate plaintiff's services was based on legitimate, non- discriminatory reasons. The district court granted summary judgment on the ground that even if plaintiff could establish a prima facie case of age discrimination, he had failed to offer minimally sufficient proof that the defendant's articulated non-discriminatory reason was a pretext, and that the real reason for terminating plaintiff's services was age discrimination. The court thus did not reach the definitional issue. Reviewing the dismissal de novo, we agree with the __ ____ district court's analysis and affirm substantially for the reasons set forth in Judge McAuliffe's thorough order. See ___ Woods v. Friction Materials, Inc., 1994 U.S. App. LEXIS _____ _________________________ 19755, at *9-14 (1st Cir. July 29, 1994); LeBlanc v. Great _______ _____ Am. Ins. Co., 6 F.3d 836, 843 (1st Cir. 1993), cert. denied, ____________ ____________ 114 S. Ct. 1398 (1994). We do not consider the new factual contentions raised for the first time in plaintiff's brief on appeal. Affirmed. ________ -3-